IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-01-0050 |
| | * | |
| KENNETH JACOBS | * | |

*******

## **MEMORANDUM AND ORDER**

Now pending is Kenneth Jacob's motion for sentence reduction under the First Step Act of 2018. The government does not directly dispute that Jacobs is eligible for relief, but argues that his sentence would have been the same under the Fair Sentencing Act of 2010 because the government would have charged a violation involving 280 grams or more of cocaine base. To support this argument, the government relies on Jacob's post-arrest statement, reflected in the PSR, about the quantity and extent of his crack cocaine transactions. Based on that statement, a quantity of 362.2 grams was involved.

The offense of conviction, however, as charged in 2001, involves 50 grams or more of crack cocaine. I agree with Judge Chuang and other judges who have decided that eligibility for relief under the First Step Act is to be determined based on the statutory offense of conviction, rather than relevant conduct or a determination of what the government "would have" charged. *See United States v. Turner,* Crim. No. TDC-06-0274, ECF No. 50 at p. 2 (D. Md. June 27, 2019); *see also United States v. Robinson,* Crim. No. PJM-02-0227, 2019 WL 3867042, at *2–3 (D. Md. Aug. 15, 2019); *United States v. Smith,* 379 F. Supp. 3d 543, 547 (W.D. Va. 2019); *United States v. Pierre,* 372 F. Supp. 3d 17, 22 (D. R. I. 2019).

Accordingly, having found Jacobs eligible for relief, the court considers the factors applicable under 18 U.S.C. § 3553(a), including post-sentencing conduct and circumstances.

1

*See, e.g., United States v. Logan*, Crim. No. CCB-10-203, 2019 WL 3391618, at *1 (D. Md. July 26, 2019); *United States v. Mitchell*, No. EGS-05-00110, 2019 WL 2647571, at *7–8 (D.D.C. June 27, 2019); *United States v. Rose*, 379 F. Supp. 3d 223, 231 (S.D.N.Y. 2019).

The government correctly points out that the conduct for which Jacobs was convicted was quite serious, involving both a firearm and violence. It is also correct that Jacobs already has benefitted from a number of sentence reductions. His last significant disciplinary infraction, however, was in 2005. He is now 56 years old, thus reducing the risk of recidivism. He also suffers from several health conditions affecting both eyesight and mobility, including the imminent need for a third knee surgery. Release to the community is likely to result in more effective medical care for the reasons set forth at length in the defendant's reply memorandum.

Jacobs currently is due to be released in January 2021. An additional reduction from 262 to 240 months (but no less than time served plus 14 days) will serve the purposes of sentencing.

Accordingly, the motion (ECF No. 238) is **GRANTED**. The sentence will be reduced to 240 months (but no less than time served plus 14 days) and 4 years of supervised release on Count One. The motions to seal exhibits (ECF Nos. 242, 249) are also **GRANTED**. An amended J&C will be issued.

So Ordered this 29th day of August 2019.

_____
Catherine C. Blake
United States District Judge